DOMENGEAUX, Judge.
D. C. Marburgh (Marburgh), brought suit against Managan Carroll Building Materials, Inc. (MCBM), for damages resulting from certain defects in the construction of a home which the latter constructed for the former under contract. From a judgment of the trial court sustaining MCBM’s exception of res judicata, Marburgh has appealed. We affirm.
*321 MCBM entered into the building contract with Marburgh in October, 1976. On October 7, 1977, Marburgh accepted the house complete “as is”, in writing. On October 11, 1978, in a suit entitled “D. C. Marburgh v. Managan Carroll Building Materials, Inc.”, No. 78-5450, in the Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana, plaintiff-appellant Mar-burgh sought damages against the appellee, MCBM for breach of contract. The petition in that action averred that MCBM breached the house building contract by improperly constructing the fireplace. The action proceeded through trial and judgment was signed on June 12, 1979, whereby Marburgh was awarded damages from MCBM in the sum of $5,700.00.
The present action between the same parties was filed November 5, 1979, and concerns the same building contract which was involved in the prior suit from which MCBM was made to pay damages to Mar-burgh. The pleadings of Marburgh indicate that he and his wife had knowledge of certain defects in the home in October of 1977, a year before suit No. 78-5450 (the first suit) was instituted. Our reading of the record indicates that no evidence of any of these defects were presented during the trial of the aforementioned matter.
The only issue on appeal is whether or not the trial court erred in sustaining defendant-appellee’s exception of res judi-cata.
Civil Code Article 2286 specifies the essential elements of res judicata. (The thing adjudged):
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must by founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
In a well written opinion the trial judge discussed the elements of the aforementioned article and made the following observations which we adopt.
“In this case two of the three necessary elements of res judicata are readily apparent: the demand is between the same parties and formed by them against each other in the same quality, and the demand is founded on the same cause of action, the alleged defaults by defendant to properly perform the building contract. There remains for resolution the third element, whether the thing demanded is the same.
The first suit was based upon the failure of defendant to properly complete the contract . . . The court was called upon to resolve that issue after a complete trial and in fact, found defendant had not done so and awarded damages in the sum of $5,700.00.
In the instant action the court is called upon to determine if defendant failed to complete the contract by failure to properly do certain other work provided for by the contract, tacitly a part of the contract to use acceptable material and the work to be done in a workmanlike manner, of which plaintiff is estopped to deny he was aware before the filing of the first suit. This action is simply an extension of the first suit and fulfills the third requirement of the essential elements of the principal of res judicata— that the thing demanded be the same. More simply stated, the court is and has been requested, in both suits, to adjudge that defendant failed to properly perform the contract; the only difference being the items specified. This is not a situation where the cause of action for the second suit arose after the first suit was filed or tried. There exists in these two actions an identity of cause.”
Article 425 of the Louisiana Code of Civil Procedure further provides the following:
“An obligee cannot divide an obligation due him for the purpose of bringing separate actions on different portions thereof. If he brings an action to enforce only a portion of the obligation, and does not amend his pleading to demand the enforcement of the full obligation, he shall lose his right to enforce the remaining portion.”
*322 While Louisiana law strictly applies the principles of res judicata it likewise prohibits piecemeal litigation in the interests of judicial economy. Marburgh’s original suit was filed in October of 1978. The trial in this matter was not held until June of 1979, some seven months later. It is clear from our reading of the record that Marburgh had ample time to amend his claim for damages, and we discern no acceptable explanation for his failure to state all of his claim for damages in the first suit.
For the above and foregoing reasons, the judgment of the trial court sustaining the defendant’s exception of res judicata is affirmed. All costs are assessed against the plaintiff-appellant.
AFFIRMED.